UNITED STATES of America, Plaintiff,

v.

Fred D. KELLEY, aka "Nook" Kelley, Defendant.

No. S1–79–111 Cr (2).

United States District Court,
E. D. Missouri, E. D.

Dec. 10, 1979.

David M. Rosen, Asst. U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., for plaintiff.

Frederick H. Mayer, St. Louis, Mo., Albert C. Lowes, Jackson, Mo. (co-counsel), for defendant.

## MEMORANDUM

NANGLE, District Judge.

This case is now before the Court for consideration of defendant's motion in limine. Defendant has been indicted for violations of 18 U.S.C. § 1951 and 29 U.S.C. § 186(b)(1) and (d). These violations allegedly arose in connection with concrete extorted by defendant, business agent for Laborers Local 282 in Cape Girardeau, Missouri, from a construction company by which his union was employed. Defendant allegedly obtained this concrete for personal use.

The importance of the present motion in limine is shown by an examination of the dates relevant to this case. Defendant is alleged to have extorted and received the concrete in question over a period from September 20, 1973 to November 14, 1974. Defendant was originally indicted on August 9, 1979. The applicable statute of limitations is five years. 18 U.S.C. § 3282. The fact that a portion of the alleged pattern of violations occurred outside the limitations period does not defeat the indictment, but the government must prove that at least one criminal act occurred within the limitations period. *United States v. Provenzano*, 334 F.2d 678 (3rd Cir.), *cert. denied*, 379 U.S. 947, 85 S.Ct. 440, 13 L.Ed.2d 544 (1964).

The government has indicated that it has proof of only one delivery of concrete to defendant within the limitations period. The government has indicated that it will attempt to prove this delivery through the hearsay testimony of Mike Hurst.

The government has indicated that Mike Hurst, if called to testify, would testify as follows: In November and December of 1974 he was engineer on the construction projects involved in this indictment. In checking a concrete bill received from a supplier against receipts for concrete delivered, he found one bill with no corresponding receipt. He then contacted Ralph Quick, the project supervisor at the time the concrete was supposedly delivered, to ascertain the reason for the discrepancy. He was told by Quick that the concrete was sent to the defendant's home.

Ralph Quick, if called to testify would relate his duties as project supervisor, but would testify that he had no recollection of the alleged conversation with Hurst. The government argues that Quick's statement is against his penal interest and therefore an exception to the hearsay rule pursuant to Rule 804(b)(3), Federal Rules of Evidence. Defendant argues that Hurst's testimony as to Quick's statement is inadmissible as hearsay. This Court must agree with the defendant.

Rule 804(b)(3) provides as follows:

(b) *Hearsay exceptions.* The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

. . . . .

(3) A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or

so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. . . .

The government argues that Quick, by saying that concrete was delivered to defendant, was admitting a violation of 29 U.S.C. § 186(a)(2), which prohibits the payment of anything of value by a representative of an employer to a representative of a labor organization. This Court can not accept the government's strained interpretation of the penal interest exception.

It is undisputed that Hurst's testimony would be hearsay, Rule 801(c), Federal Rules of Evidence, and that Quick, due to his lack of memory, is unavailable. Rule 804(a)(3), Federal Rules of Evidence. In order to determine whether the statement was against Quick's penal interest, this Court must look at the practical significance of the statement in light of all the circumstances. *Witham v. Mabry*, 596 F.2d 293 (8th Cir. 1979); *United States v. Love*, 592 F.2d 1022 (8th Cir. 1979).

The rationale underlying the penal interest exception to the hearsay rule is that a person is not likely to make a statement which subjects him to criminal liability unless it is true. *Witham*, supra.

Quick was a victim of the extortionate scheme allegedly perpetrated by defendant. Even if we accept the government's argument that duress is not a defense to a violation of 29 U.S.C. § 186(a)(2), *see Lewis v. Coleman*, 257 F.Supp. 38 (S.D. W.Va.1966); *Ramsay v. United Mine Wkrs. of Am. Welfare & Retir. Fund*, 231 F.Supp. 909 (E.D.Tenn.1964); but cf. *Arroyo v. United States*, 359 U.S. 419, 423–26, 79 S.Ct. 864, 3 L.Ed.2d 915 (1959), it is obvious that prosecution in such circumstances is extremely unlikely. This Court does not believe that a reasonable man in Quick's position would have felt that he was exposing himself to criminal liability through his actions or by his statement to Hurst. This belief is reinforced by the fact that the government neither offered Quick immunity prior to his grand jury testimony, nor did Quick request immunity. It would appear that the possibility of criminal prosecution did not develop until the present time.

The government has asserted that Quick was extremely upset concerning the events in question, implying that he was upset because he knew he was violating the law. His attitude, however, was more likely caused, if the allegations of the indictment are to be believed, by the fact that he was being extorted by defendant. Such an attitude is not inconsistent with this Court's conclusion that a reasonable man would not have felt he was subject to criminal liability for his actions or statements.

This Court must therefore conclude that Quick's statement was not "so far" against his penal interest "that a reasonable man in his position would not have made this statement unless he believed it to be true". The testimony of Hurst relative to the statement will therefore be excluded as hearsay.